UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                          Case No. 24-mc-51137

v.

                                                              HON. MARK A. GOLDSMITH

SHERIF KHALIL,

       Defendant.
_____/

**OPINION & ORDER**
**DENYING INTERESTED PARTY SPECTRA ACQUISITION CORPORATION'S**
**MOTION FOR PROTECTIVE ORDER AND TO INTERVENE (Dkt. 1)**

      This miscellaneous action was opened upon the filing of a motion for protective order and to intervene filed by Spectra Acquisition Corporation (SAC) (Dkt. 1).[1] The motion relates to the criminal case initiated against Sherif Khalil and others in this Court. See United States v. Khalil et al., 22-20200 (E.D. Mich.). A hearing on the motion was held on November 12, 2024. As explained below, the motion is denied because SAC waived any claim of attorney-client privilege it may have had by waiting too long to assert it.

      SAC contends that it had an attorney-client relationship with attorney Keith Soltis. It also contends that its attorney-client privilege was violated when Soltis produced privileged documents to the Government in response to a grand jury subpoena in May 2021 and testified before the grand jury in September 2021. Mot. at 3; Resp. at 4. SAC seeks a protective order to prevent the Government from utilizing any of these privileged communications at the trial in the related

---

[1] The briefing also includes the Government's response (Dkt. 3), SAC's reply (Dkt. 4), the Government's supplemental brief (Dkt. 7), and SAC's supplemental brief (Dkt. 8).

criminal case. In response, the Government argues that (i) SAC waived its privilege by waiting too long to assert it, (ii) SAC does not have standing to assert privilege, and (iii) the crime-fraud exception to the attorney-client privilege dictates that the communications should not be privileged. Resp. at 1–2. Because the Court finds that SAC waived any privilege it might have had by waiting an inexcusable amount of time to assert it, the Court need not address the Government's other arguments.

It is undisputed that counsel for Khalil, Craig Wilke, became aware of the potential violation of attorney-client privilege as early as May 2022, when the Government produced discovery to Khalil. SAC Suppl. Br. at 1–2. The Government attached to its production a May 17, 2022 cover letter and index listing all discovery files. See Cover Letter (Dkt. 7-1); Discovery Index (Dkt. 7-2). The discovery index references Soltis by name in four separate locations: (i) a Keith Soltis interview report; (ii) a Keith Soltis certificate of authority; (iii) receipt of grand jury subpoena records from Keith Soltis; and (iv) Keith Soltis documents. See Discovery Index at PageID.65, 68, 78.

Wilke admits that, by this point, he was "put [] on notice" that Soltis had revealed confidential attorney-client communications to government agents. SAC Suppl. Br. at 1–2. But SAC, which Khalil has owned in whole or in part since 2014, argues that it "has never conceded that Khalil knew this . . . ." Id. at 2; Mot. at 9. SAC seems to have forgotten that it actually conceded this very point. In its reply in support of the instant motion, SAC recited that Khalil first asserted privilege in January 2024, when he filed a motion to adjourn trial (Dkt. 129), even though "Khalil had been on notice for approximately eighteen months [that] Soltis had revealed confidential attorney-client communications between him and SAC employee Ali Saad . . . ." Reply at 2 (emphasis added). Whether Wilke transmitted to Khalil the specific discovery materials

2

evidencing disclosures of privileged information—which he says he did not, SAC Suppl. Br. at 4—is irrelevant. The key point is that Khalil—and through him, SAC—was aware of the invasion of the privilege in May 2022.[2]

Even though Khalil was aware that SAC's attorney-client privilege was violated as early as May 2022, Khalil waited until February 2024—well over 18 months—to file any motion with the Court regarding privilege. Notably, even then, the motion (Dkt. 129) did not seek to protect the privilege directly; instead, it only sought discovery, with the intent to prepare a later motion premised on violation of the privilege.

The delay continued even after the Court ruled on the motion for discovery. The Court denied the motion for discovery, finding that any alleged violation of SAC's privilege would not have given Khalil—as a Defendant in a criminal case whose personal privilege had not been violated—a basis for the relief of the kind that he stated he would later seek, i.e., dismissal of the indictment or suppression of evidence. See 5/7/24 Op. & Order (Dkt. 152). It took SAC over four additional months to file the instant motion to finally seek relief to protect its claimed privilege.

The attorney-client privilege is not absolute and can be waived if the privilege holder has not pursued "all reasonable means" to protect and preserve the privilege. See, e.g., United States v. de la Jara, 973 F.2d 746, 750 (9th Cir. 1992) (holding that a six-month delay constituted a waiver

---

[2] SAC points out that Wilke did not know that the Government intended to use attorney-client materials at trial until January 2024, when materials containing privileged materials showed up on the Government's exhibit list and Soltis's name appeared on the Government's witness list. Reply at 2. But SAC's discovery that privileged materials would be used at trial does not explain or excuse the lack of diligence throughout the preceding 18 months, during which it took no action despite learning that the privilege had been invaded.

3

of privilege). The extraordinary lack of diligence here to promptly protect its claimed privilege amply supports the conclusion that SAC has waived it.[3]

    SAC's motion to intervene and for a protective order (Dkt. 1) is denied.

SO ORDERED.

Dated: December 3, 2024　　　　　　　　　　s/Mark A. Goldsmith
   Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Because this conclusion is sufficient to resolve the motion, there is no need to address other grounds raised by the Government in opposition to the motion.